UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
BEATRICE CODIANNI ROBLES,        :   CIVIL ACTION NO.
    Plaintiff,                  :   3:01CV1659(AVC)
vs.                              :
                                 :   ~~December~~, ~~2004~~
UNITED STATES,                   :   Jan. 11, 2005
    Defendant.                   :
                                 :
------------------------------------X

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE

It is hereby stipulated by and between the Plaintiff, BEATRICE CODIANNI-ROBLES ("PLAINTIFF"), and the UNITED STATES OF AMERICA ("DEFENDANT") by and through their respective attorneys, that the parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein:

### A.   RECITALS

WHEREAS, PLAINTIFF has brought a civil action against DEFENDANT in the United States District Court for the District of Connecticut asserting claims of injuries and damages alleged to have been suffered as a result thereto and has brought a civil cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, as more fully described in the above-captioned civil action;

WHEREAS, in recognition of the uncertainty inherent in litigation and the costs thereof, PLAINTIFF and DEFENDANT (the "PARTIES") desire to resolve this litigation and all disputes between them on terms that are mutually agreeable.

### B.   AGREEMENT

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, the PARTIES hereto hereby agree as follows:

(1)     In full satisfaction of any claims PLAINTIFF may now have, exclusive of those claims being litigated pursuant to another action being pursued by PLAINTIFF against DEFENDANT specifically referenced in <u>Codianni-Robles v. United States</u>, Civil Number 3:04CV1725 (JCH) and pending before the United States District Court-District of Connecticut, or has had, against the DEFENDANT, up to and including the date of the execution of this Stipulation for Compromise Settlement and Release, DEFENDANT agrees to make the cash payments set forth below in (2)(a)(i), and (2)(a)(ii), to PLAINTIFF'S attorneys, Emmett & Glander, on behalf of the PLAINTIFF, and to purchase the annuity set forth below in (2)(a)(iii), such cash payment and annuity purchase having a total value of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), which sum shall represent full satisfaction of any claims for compensatory damages on account of personal, physical injury and/or emotional distress, and attorneys fees, as more fully set forth below.

(2)     (a)     As soon as it is practicable after the execution of this Stipulation for Compromise Settlement and Release, the United States, on behalf of the DEFENDANT, will wire transfer to Ringler Associates Settlement Trust Account (at Sandy Spring National Bank of Maryland, 17801 Georgia Avenue, Olney, Maryland, 20832, ABA#055001096, Account No. 5201494901), the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) (hereinafter "settlement amount"), Taxpayer Identification Number 33-0059359, out of which the following disbursements will be made by Ringler Associates, Inc., Washington, D.C. from Trust Account (at Sandy Spring National Bank of Maryland, 17801 Georgia Avenue, Olney, MD 20832, ABA# 055001096, Account # 5201494901):

(i) To PLAINTIFF'S attorneys, Emmett & Glander, the following sums for the following purposes:

    (A) $50,000 which sum shall represent the fees due and owing to Emmett & Glander pursuant to the statutory limits set forth in the Federal Tort Claims Act.

    (B) $23,000 which sum shall represent all costs incurred and to be incurred in settlement of this case.

    (C) $33,000 which sum shall be deposited into the Emmett & Glander Trust Account, for the benefit of each of Plaintiff's three sons. Each son is to receive the benefit of $11,000.

    (D) $1,000 which sum shall be deposited into the Emmett & Glander Trust Account, for the benefit Plaintiff's three sons in a manner left to the discretion of Plaintiff.

(ii) $2,000 which sum shall be deposited into the Prisoner Account of the Plaintiff, Prisoner Register #11866-014, c/o Federal Bureau of Prisons, P.O. Box 474701, Des Moines, Iowa 50947-0001.

(iii) To a life insurance company rated at least A+ as rated by A.M. Best rating service, in a sum sufficient to purchase an annuity contract to make the payments described in paragraph 2(b).

(b) The DEFENDANT will purchase an annuity contract(s) to make the following payments:

    1.    $5,000 payable on December 31, 2008 to the Emmett & Glander Trust Account for the benefit of PLAINTIFF.

    2.    $34, 605.75 payable to PLAINTIFF annually for three years with the first payment to be made on May 9, 2009. The second payment to be made on May 9, 2010. The third payment to be made on May 9, 2011.

(c)    In the event the purchase price of the annuity changes at the time of funding, the annuity payments due on May 9, 2009, May 9, 2010, and May 9, 2011 respectively, shall be adjusted upward or downward accordingly. In any event the purchase price of the annuity contract shall be neither more than nor less than $91,000.

(d)    In the event of the death of PLAINTIFF prior to the payment of all payments, exclusive of those payments made for fees and costs which are to be paid to Emmett & Glander, any remaining payments shall be paid to the PLAINTIFF'S estate or to the beneficiary that she may designate in writing to the annuity issuer. Any such designation, or revocation thereof, shall be in writing and in a form acceptable to the annuity issuer.

(e)    The annuity contract will be owned solely and exclusively by the DEFENDANT and will be purchased as soon as practicable following the execution of this Stipulation for Compromise Settlement and Release. The PARTIES stipulate and agree that the DEFENDANT'S only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the DEFENDANT does not guarantee or insure any of the annuity payments. The PARTIES further stipulate and agree that the DEFENDANT is released from any

and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

(f) The PARTIES stipulate and agree that the annuity company that issues the annuity contract or its assignee shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check or electronic transfer in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation for Compromise Settlement and Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(g) The PARTIES stipulate and agree that the annuity payments cannot be accelerated, deferred, increased, or decreased by the PARTIES, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the claimants shall not have the power to sell, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(h) PLAINTIFF and her heirs, executors, administrators or assigns, do hereby agree to maintain with the annuity company and the DEFENDANT a current mailing address, and to notify the annuity company and the DEFENDANT of the death of any beneficiary of said annuity contract(s) within ten (10) days of death.

(3).  <u>Release of Liability.</u>

(a)  PLAINTIFF hereby agrees that she (for herself and any other person claiming or deriving a right from her) forever releases and discharges DEFENDANT, United States of America ,and/or any its employees, past or present, in their official or individual capacities, from any and all liability, claims, demands and causes of action (by whatever name called and whether known or unknown) which she had, presently has, or which she might have against them, arising out of the acts described in the amended complaint.

(4)  PLAINTIFF acknowledges that she:

a)  has consulted with Attorney Kathryn Emmett before signing this Stipulation for Compromise Settlement and Release;

b)  has had a reasonable time within which to consider the terms of this Stipulation for Compromise Settlement and Release; and

c)  has read this Stipulation for Compromise Settlement and Release in its entirety, understands its terms and knowingly and voluntarily consents to its terms and conditions.

(5)  <u>Tax Implications.</u>  The PARTIES hereto recognize that the determination of the tax effects of this Stipulation for Compromise Settlement and Release on PLAINTIFF and her attorneys may be made by the Internal Revenue Service, which is not bound by the terms of this stipulation.

(6)  <u>No Admission of Liability.</u>  The settlement of this action shall in no way be deemed an admission of liability on behalf of the DEFENDANT, the United States of

America, or any of their agencies, agents, officers or employees, nor shall it be constituted as an admission by either party hereto of any liability, misconduct, or any violation of any policies, procedures, or state or federal laws or regulations. Moreover, this stipulation shall not be construed to be, nor shall it be admissible, in any proceeding as evidence of an admission by either party hereto of a violation of any policies, procedures, or state, local or federal law or regulations, nor shall it constitute evidence of an admission by either party hereto as to any issue of law or fact raised by this matter. This Stipulation for Compromise Settlement and Release may be introduced, however, in a proceeding to enforce the agreed-upon terms of this settlement.

(7)    Effective Date. The PARTIES acknowledge that this Stipulation for Compromise Settlement and Release will become effective on the day that it is signed by all parties to the agreement.

(8)    Entire Agreement. The Stipulation for Compromise Settlement and Release constitutes the entire agreement and understanding of the PARTIES hereto and may not be modified orally.

(9)    Severability. If any provision of this Stipulation for Compromise Settlement and Release is held invalid by operation of law or by any tribunal of competent jurisdiction, the remainder of this Stipulation for Compromise Settlement and Release shall remain in full force and effect.

(10)   Third Parties. No person or entity not a party hereto shall acquire any rights or benefits pursuant to or on account of this Stipulation for Compromise Settlement and Release, either directly or indirectly, as a third party beneficiary or otherwise.

(11)   Stipulation of Dismissal. In consideration of the payment of the cash sum set

forth above in paragraph 2 and the purchase by the DEFENDANT of the annuity contract to make the periodic payments set forth above in paragraph 2(b), PLAINTIFF agrees that she will execute and file with the court a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii), dismissing all claims against DEFENDANT in this action with prejudice.

PLAINTIFF, BEATRICE CODIANNI-ROBLES

*Beatrice Codianni-Robles*      1-6-05
BEATRICE CODIANNI-ROBLES     DATE
PLAINTIFF

*Kathryn Emmett*      1/6/05
KATHRYN EMMETT     DATE
EMMETT & GLANDER
FED. BAR NO. CT 05605
DEFENDANT, UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*[signature]* —AUSA     1/11/05
ALAN MARC SOLOWAY     DATE
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct01581

RINGLER ASSOCIATES,
ROCKVILLE MD

*[signature]*     1-21-05
STRUCTURED SETTLEMENT     DATE
CONSULTANT